## In re LEONA T.

Supreme Judicial Court of Maine.

Submitted on Briefs May 15, 1992.
Decided June 15, 1992.

Anita M. St. Onge (orally), Asst. Atty. Gen., Dept. of Human Services, Portland, for plaintiff.

Joseph Lenkowski (orally), Sanford, for mother.

David Severance (orally), Kezar Falls, for father.

Christopher Dilworth, Windham, guardian ad litem.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

The Maine Department of Human Services ("DHS") appeals from an order of the District Court (Springvale, *Crowley, J.*) denying its request to terminate the parental rights of Leona T.'s natural father, Leo T. Finding no error in the decision, we affirm.

In May, 1991, DHS filed a petition for termination of Leo T.'s parental rights and notified Leo. Leona had been placed in DHS custody in April, 1988 when she was only six days old. Throughout that time, the Court had been monitoring her relationship with her parents through child protection orders. The orders allowed Leona's parents to visit her, but required them to attend weekly counseling and required Leo to seek domestic violence and substance abuse counseling.

The court held a testimonial hearing on the request for termination of parental rights. After assessing the testimony presented, the court (*Crowley, J.*) denied DHS's request that Leo's parental rights be terminated. It found that termination was in the best interests of the child, but that DHS had not satisfied the other prerequisites for termination. The court ordered that Leo complete the Violence–No–More program, participate in either group or individual sex abuse counseling, participate in a parenting program, and continue to attend Alcoholics Anonymous. It allowed Leo to continue to visit Leona weekly under supervision.

██ Parental rights can be terminated only upon certain conditions. The court *may* order termination if it finds, by *clear and convincing evidence*, that termination is in the best interests of the child *and*, either:

(i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;

(ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;

(iii) The child has been abandoned; or

(iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.

22 M.R.S.A. § 4055(1)(B)(2) (1992). Notwithstanding the order set forth in section 4055, it is only after the State has met its burden relative to one of the four prongs involving parental unfitness that the best interests of the child are considered. *In re Shannon R.*, 461 A.2d 707, 712 (Me.1983), citing *Smith v. Organization of Foster Families*, 431 U.S. 816, 862–63, 97 S.Ct. 2094, 2119, 53 L.Ed.2d 14 (1977). Since the court determined that DHS had not met its burden of proving any of these factors, it should not have specifically addressed Leona's interests. *Id.*

██ We review the District Court's decision for clear error. *In re Annette P.*, 589 A.2d 924, 926 (Me.1991). Deference is paid to that court's superior perspective for evaluating the weight and credibility of evidence. *In re Chesley B.*, 499 A.2d 137, 138–139 (Me.1985). In this case, where the petition for termination was denied, DHS must establish that the court was com-

pelled to find, by clear and convincing evidence, that one of the statutory prerequisites was satisfied.

■ DHS contends that Leo did not take appropriate steps to rehabilitate himself. In statutory terms, the issue is whether Leo has made a *good faith effort* to rehabilitate and reunify with Leona. *See* 22 M.R.S.A. § 4055(1)(B)(2)(b)(iv). 22 M.R.S.A. § 4041(1)(B) provides standards for evaluating a parent's duties of rehabilitation and reunification; Leo was obligated to,

> (1) maintain "meaningful contact" with the child, (2) seek and use appropriate services, (3) pay reasonable sums for support, (4) maintain contact with DHS, and (5) make good faith efforts to cooperate with DHS in developing and pursuing a reunification plan.

*In re Howard P.*, 562 A.2d 1224, 1226 (Me.1989); 22 M.R.S.A. § 4041(1)(B).

DHS argues that Leo failed to comply with the court's child protection orders. Leo's testimony, which the court found credible, indicated that he has successfully dealt with his substance abuse problems. He attended ten sessions of the Violence–No–More program and left only after he was censured in his attempts to participate. The statute does not require success in pursuing counseling, only a good faith effort. *In re Howard P.*, 562 A.2d at 1226.

DHS also argues that Leo's failure to seek counseling for potential sexual-abuse problems compels a finding that he has not made an effort at rehabilitation. Leo was never ordered to undertake counseling for this potential problem and had never acted on any inappropriate thought. The court's conclusion that DHS had not proven failure to make an effort at rehabilitation was not clear error.

The court found that DHS had failed to prove any of the other statutory requirements for termination; inability to protect, inability to take responsibility, or abandonment. *See* 22 M.R.S.A. § 4055(1)(B)(2). There is no issue of abandonment. The inquiry under the other two statutory elements is prospective, *see In re Howard P.*, 562 A.2d at 1224; however, the only evidence is retrospective. Time is measured from the child's perspective. *In re Christopher J.*, 505 A.2d 795, 798 (Me.1986).

■ DHS argues that Leo's failure to comply with the protection orders in full during Leona's first three years shows that he cannot take responsibility or protect her in time to meet her needs. The court, however, found that Leo had made significant steps in overcoming his substance abuse problems and that the abuse and discipline problems were likely to abate as a result. It expressed concern that DHS had been concentrating on reunification with Leona's mother, so there was no urgency in Leo's rehabilitation efforts. It was not clear error for the court to conclude that DHS had not met the clear and convincing standard on these issues.

■ DHS also contends that the best interests of the child are paramount under the statute and it should be liberally construed to serve that end. However, the statute incorporates limitations on this goal by requiring an additional factor before parental rights may be terminated. *See* 22 M.R.S.A. § 4055(1)(B)(2). Such limitations are, in fact, required by the United States Constitution. *See Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The court should not even have reached the issue of Leona's best interests. *In re Shannon R.*, 461 A.2d at 712.

The entry is:

Judgment affirmed.

All concurring.