**STATE of Maine**

v.

**Charles PHILLIPO.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 4, 1993.

Decided April 20, 1993.

**1266**

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee, Asst. Dist. Atty., Portland, for the State.

Matthew B. Nichols, Boulos & Gardner, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Charles Phillipo appeals from a judgment of conviction of gross sexual assault (Class A), 17–A M.R.S.A. § 253(1)(B) (Supp.1992),[1] following a jury trial in the Superior Court (Cumberland County, *Brennan, J.*). Phillipo contends that the court erred by admitting the out-of-court statements of the victim and her brother. Because we agree that the testimony was improperly admitted and that the error was not harmless, we vacate the conviction.

Charles Phillipo was indicted on January 15, 1991, on one count of gross sexual assault. At the time, Phillipo lived next door to the victim and her parents and worked with the victim's father at a local restaurant. The victim, age seven at the time of the incident, testified at trial that Phillipo assaulted her at her home on December 28, 1990, when they were upstairs alone. The victim's brother, age five at the time of the incident, testified that he came into the room, saw Phillipo lying on top of the victim, and ran downstairs to tell his mother. The mother testified that upon confirming the story with the victim the next morning, she took the child to the hospital for examination. The hospital physician testified that he found no physical evidence of abuse, and that the hospital reported the incident, as mandated by law, to the Portland police. The responding officer testified that he interviewed the doctor, the mother, and the victim at the hospital. Both children also were interviewed approximately two weeks later by a Portland police detective.

....

**1.** 17–A M.R.S.A. § 253(1)(B) (Supp.1992) provides:

1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

B. The other person, not the actor's spouse, has not in fact attained the age of 14 years.

Phillipo sought to impeach the children's testimony claiming that it was improperly influenced by their parents, who, Phillipo argued, had a motive to fabricate the charge against Phillipo because they believed that Phillipo was a confidential informant responsible for their arrest on drug charges two weeks prior to the alleged assault. The court permitted Phillipo to inquire into the prior arrest of the parents, but also allowed the State, in the nature of rebuttal evidence, to introduce the testimony of the children's mother, the doctor, and the detective, reciting in detail what the children had related to them at the time of the assault. The court concluded that such testimony was admissible as prior consistent statements of the children. *See* M.R. Evid. 801(d)(1). Phillipo was convicted and now appeals.

■ A prior, out-of-court statement of a witness consistent with the witness's testimony at trial is generally not admissible because it is hearsay. *State v. Zinck*, 457 A.2d 422, 426 (Me.1983) (citing *Commonwealth v. Reid*, 384 Mass. 247, 424 N.E.2d 495, 503 (1981)). Such a statement is admissible as an exception to the hearsay rule only to rebut an express or implied charge of recent fabrication or improper motive. M.R. Evid. 801(d)(1).[2] In order for the prior consistent statement to be admissible, the proponent of the statement must demonstrate that the statement (1) is consistent with the in-court statement of the witness, (2) is being offered to rebut an express or implied charge of recent fabrication or improper influence, and (3) was made prior to the time the supposed motive to falsify arose. *State v. Fredette*, 462 A.2d 17, 22–23 (Me.1983).

■ Phillipo contends that the evidence is inadmissible as prior consistent statements because the State failed to demonstrate that the statements were made prior to the time the motive may have arisen to improperly influence the victim.

Any motive to fabricate the charges against Phillipo and to improperly influence the children's testimony, he contends, resulted from the arrest of the victim's parents, and that arrest occurred *prior* to the time the children's statements offered in rebuttal as prior consistent statements were made. We agree with Phillipo.

If the prior consistent statement was made after the time the alleged motive to fabricate arose, the evidence of that statement does not make the existence of recent fabrication or improper influence or motive more probable, or less probable, than it would be without the evidence. In that circumstance the evidence is not admissible under M.R. Evid. 801(d)(1).

*Zinck,* 457 A.2d 422, 425 (Me.1983) (citation omitted). "[A] prior consistent statement does not rebut a charge of improper motive where the motive to falsify also existed at the time of the earlier statement." *Fredette,* 462 A.2d at 23.

■ The State contends that Phillipo failed to provide sufficient evidence that the children's parents had an improper motive prior to the date of the assault. We disagree. Phillipo presented evidence that the victim's parents had been arrested prior to the date of the assault; that they believed that there was an informant who was involved in their case; that the victim's father had been told that Phillipo was the informant; that in November 1991, the victim's mother told a witness that she believed Phillipo was the confidential informant; and that the victim, within a few weeks of the assault, told a third party that Phillipo did not assault her and that people were telling her to say that he did. Although the State produced contradictory evidence to cast doubt on Phillipo's contention that the parents of the child victim were motivated to influence the victim to fabricate, that evidence was not so overwhelming as to preclude the jury from rationally inferring that such a motive ex-

---

**2.** M.R. Evid. 801(d)(1) provides in pertinent part:

 **d. Statements Which Are Not Hearsay.**

 . . . .

A prior consistent statement by the declarant whether or not under oath, is admissible only to rebut an express or implied charge against him of recent fabrication or improper influence or motive.

isted prior to the date of the prior consistent statements. *See Zinck*, 457 A.2d at 426 (existence of implied charge of recent fabrication must be apparent from the evidence or from inferences that may fairly arise from evidence, including cross-examination of declarant). As the party offering the prior consistent statements, it is the State's burden to establish that the statements were made before the motive arose. This the State failed to do.

 Preserved error is reversible if a "substantial right to the party is affected," *Zinck*, 457 A.2d at 426; M.R. Evid. 103(a), but it is harmless if it is highly probable that the error did not affect the jury's verdict. *State v. True*, 438 A.2d 460, 467 (Me.1981). Here, certain of the children's out-of-court statements, or parts of those statements, may have been otherwise admissible. *See, e.g.*, M.R. Evid. 803(4) (statements made for purposes of medical diagnosis); M.R. Evid. 803(2) (excited utterance); *State v. Calor*, 585 A.2d 1385, 1387 (Me.1991) (statement of victim reporting sexual crime admissible as part of State's case-in-chief as first complaint, but details not admissible). Nevertheless, because this case turned on the credibility of the child victim and her brother, and of Phillipo, and the testimony admitted as prior consistent statements of the children was so repetitive and detailed, it is not highly probable that the error did not affect the jury's verdict. *See State v. Fitch*, 600 A.2d 826, 829 (Me.1991); *State v. Swain*, 493 A.2d 1056, 1059 (Me.1985); *Zinck*, 457 A.2d at 426.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.