2001 ME 115

**In re JOSHUA B.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 25, 2001.
Decided July 19, 2001.

Henry W. Griffin, Lewiston, ME, for appellant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Attorney General, David Hathaway, Asst. Attorney General, Augusta, ME, for appellee.

J. Lawrence Irwin, Lewiston, ME, guardian ad litem.

James S. Hewes, Portland, ME, for father.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] The mother of Joshua B. appeals the judgment of the District Court (Lewiston, *Beliveau, J.*) terminating her parental rights pursuant to 22 M.R.S.A. § 4055 (1992 & Supp.2000). On appeal, the mother contends that (1) the evidence is not sufficient to support the court's findings justifying the termination order; and (2) the court erred in relying on a guardian ad litem's report. We affirm.

## I. CASE HISTORY

[¶ 2] On September 22, 1997, the Department of Human Services (DHS), filed a petition for a child protection order for Joshua B. On April 30, 1998, the District Court (Portland, *Bradley, J.*) entered a jeopardy order. On June 10, 1998, the court entered a preliminary child protection order (*Brodrick, A.R.J.*), placing Joshua in DHS custody. The case was judicially reviewed on five occasions in 1998–99, and each time, orders were entered continuing DHS custody. Ultimately, the case was transferred to the Lewiston District Court.

[¶ 3] On May 19, 2000, DHS filed a petition for termination of the mother's parental rights with respect to Joshua. The termination hearing[1] was held on June 26 and 29, and August 31, 2000.

---

1. The hearing also concerned a petition for   child protection (jeopardy) regarding the

[¶ 4] The evidence at the termination hearing and earlier hearings indicated that despite much counseling and support from DHS over the course of three years, the mother: (1) continually entered into and maintained abusive sexual relationships with men whom she knew to be violent; (2) was unable to protect herself from domestic violence; (3) placed Joshua at risk and was unable to care for him and attend to his special needs when the abusive relationships were the focus of her life; and (4) demonstrated a pattern of abusive relationships and neglect of Joshua that was not likely to change.

[¶ 5] On November 6, 2000, the court entered an order terminating the mother's parental rights. The parental rights of the father had been terminated by consent on June 26, 2000. In its termination order, the court found by clear and convincing evidence that: (1) termination is in Joshua's best interest; (2) the mother is unable to rehabilitate and reunify with Joshua within a time reasonably calculated to meet his needs; (3) the mother is unable to protect Joshua from continued jeopardy and to take responsibility for him; and (4) these circumstances are unlikely to change within a time reasonably calculated to meet Joshua's needs.

[¶ 6] In its conclusions, addressing the findings necessary to support termination, the court stated:

> The best interest factor takes precedence over the fault factors under existing law. That is not to say however that the fault or parental unfitness factors are not considered. Obviously the court must find that in addition to the best interests factors, there must be clear and convincing evidence that the parent or parents are unwilling or unable to protect the child from jeopardy within a

reasonable time that meets the child's needs; or that the parent or parents are unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs; or the parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041 of T22.

The court then ordered termination of the mother's parental rights to Joshua. This appeal followed the court's termination order.

## II. DISCUSSION

█ [¶ 7] Contrary to the mother's claims, there is sufficient evidence in the record to support the court's findings, by clear and convincing evidence, that the mother is not able to protect the child from jeopardy and those circumstances are unlikely to change within a time reasonably calculated to meet the needs of the child, *see* 22 M.R.S.A. § 4055(1)(B)(2)(b)(i); the mother is unable to take responsibility for the child within a time reasonably calculated to meet the needs of the child, *see* 22 M.R.S.A. § 4055(1)(B)(2)(b)(ii); the mother has failed to make a good faith effort to rehabilitate and reunify with the child, *see* 22 M.R.S.A. § 4055(1)(B)(2)(b)(iv); and *termination is in the best interest of the child, see* 22 M.R.S.A. § 4055(1)(B)(2)(a). In addition, the court did not err in considering the report and recommendation of the guardian ad litem. *See* 22 M.R.S.A. § 4005 (1998 & Supp.2000).

█ [¶ 8] One aspect of the court's termination decision does, however, require comment. The court's statement that "[t]he best interest factor takes precedence over the fault factors under existing law" does not accurately reflect the cur-

mother's younger son, Nathaneal, who was    born on November 16, 1999.

rent state of the law. While section 4055(B) lists the "best interest" finding first among the findings which must be made to support termination,[2] a finding of a parent's unfitness or fault must be a necessary prerequisite to any state intervention into a family. The primary importance of risk to the child and parental unfitness as the justification for state action is emphasized in the statement of purposes of the Child and Family Services Protection Act, 22 M.R.S.A. § 4003 (Supp. 2000), which begins: "Recognizing that the health and safety of children must be a paramount concern and that the right to family integrity is limited by the right of children to be protected from abuse and neglect...." *Id. See also In re Melanie S.,* 1998 ME 132, ¶ 5, 712 A.2d 1036, 1037 (holding that a court must find parental unfitness by clear and convincing evidence "before it may consider the best interests of the child"). We have made similar statements in *In re Ashley A.,* 679 A.2d 86, 89 (Me.1996); *In re Leona T.,* 609 A.2d 1157, 1158 (Me.1992); and *In re Shannon R.,* 461 A.2d 707, 712 (Me.1983) (citing *Smith v. Org. of Foster Families,* 431 U.S. 816, 862–63, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977) (*Stewart, J.* concurring)).

■ [¶ 9] In this case, the court found parental unfitness in several respects proven by clear and convincing evidence, and those findings are strongly supported in the record. Further, on appeal, the mother does not challenge the court's mis-

allocation of the order of factfinding. Accordingly, any review must be for obvious error. *See In re William S.,* 2000 ME 34, ¶ 8, 745 A.2d 991, 995. "Obvious error requires the court to vacate the trial court's judgment if the error deprived the party of a fair trial and resulted in a substantial injustice." *Id.*

■ [¶ 10] The "obvious error" standard addressing unpreserved claims of error and the "harmless error" standard addressing preserved claims of error are sometimes applied using similar terminology, but with differing burdens and emphasis. Thus, preserved error is reversible and not harmless if a "substantial right" of the party is affected. *State v. Phillipo,* 623 A.2d 1265, 1268 (Me.1993); *State v. Zinck,* 457 A.2d 422, 426 (Me.1983). *See also* M.R.Civ.P. 61; M.R.Crim.P. 52(a); M.R.Evid. 103(a). Unpreserved error is obvious and reversible if the error affects "substantial rights" or results in a substantial injustice. *In re William S.,* 2000 ME 34, ¶ 8, 745 A.2d at 995. *See also* M.R.Crim.P. 52(b); M.R.Evid. 103(d). Any party claiming error must demonstrate prejudice from the error. *Phillips v. E. Maine Med. Ctr.,* 565 A.2d 306, 308 (Me.1989); Field & Murray, *Maine Evidence* § 103.5 (2000 ed.).

■ ■ [¶ 11] Although clear distinction between the two may not be possible, the threshold for reversal based on preserved

---

**2.** Pursuant to 22 M.R.S.A. § 4055(B)(2), termination may be ordered if:

  (2) The court finds, based on clear and convincing evidence, that:
    (a) Termination is in the best interest of the child; and
    (b) Either:
    (i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;

    (ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;
    (iii) The child has been abandoned; or
    (iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.
  22 M.R.S.A. § 4055(B)(2) (1992).

error is much lower. Thus, preserved error is reversible if any substantial right is compromised, to the prejudice of the objecting party, and the supporting party cannot convince the court that the error was harmless in the context of the other events and evidence in the proceeding. For obvious error to require reversal, the error must be such as to deprive the party of a fair trial or to result in such a serious injustice that, in good conscience, the judgment cannot be allowed to stand. *See In re William S.*, 2000 ME 34, ¶ 8, 745 A.2d at 995; *State v. Griffin*, 438 A.2d 1283, 1285 (Me.1982).

[¶ 12] No such deprivation of a fair trial or substantial injustice results from the trial court's misallocation of the order of factfinding, where the trial court acknowledged the required findings of parental unfitness and made those findings by clear and convincing evidence.

The entry is:

Judgment affirmed.