2006 ME 96

Alec H. SARGENT

v.

Rachel L. BRAUN.

Supreme Judicial Court of Maine.

Submitted On Briefs: April 6, 2006.

Decided: Aug. 2, 2006.

---

Edward C. Spaight, Esq., Vafiades, Brountas & Kominsky, Bangor, for the appellant.

Mary Cline, Esq., Cline Mediation & Family Law, Bar Harbor, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Alec H. Sargent appeals from a judgment of the District Court (Ellsworth, *Brodrick, A.R.J.*) denying his motion to modify an order of parental rights and responsibilities previously entered by the court (*A.Murray, J.*). Sargent contends that: (1) the court's findings are insufficient, and (2) the court erred by not finding a substantial change in circumstances. Because we agree that the findings are insufficient as a matter of law, we vacate the judgment.

## I. BACKGROUND

[¶ 2] Sargent and Rachel L. Braun are the parents of a minor child. In January 2003, the District Court entered an order of parental rights and responsibilities. The court ordered that the child's primary residence would be with Braun, but the child would reside with Sargent from 4:00 P.M. on Thursday until 4:00 P.M. on Sunday each week.

[¶ 3] In December 2004, Sargent petitioned the court to modify the order of parental rights and responsibilities pursuant to 19–A M.R.S. §§ 1653(10)(B), 1657(1)(A) (2005). Sargent claimed that there had been a substantial change in circumstances that warranted modifying the order and, inter alia, establishing him as the primary residential caregiver. A hearing on the motion to modify was subsequently held in the District Court. At the close of Sargent's evidence, Braun moved for judgment as a matter of law pursuant to M.R. Civ. P. 50(d). The court granted the motion and entered judgment in favor of Braun, finding no substantial change in circumstances justifying a modification of parental rights and responsibilities.

[¶ 4] Sargent filed a motion requesting findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a), and provided the court with proposed findings and conclusions of law. The court provided its own findings and conclusions of law, and did not alter the judgment. This timely appeal followed.

## II. DISCUSSION

A. Standard of Review

[¶ 5] When a party requests findings pursuant to M.R. Civ. P. 52(a), "we do

not assume that the trial court made all the findings necessary to support its judgment." *Jarvis v. Jarvis,* 2003 ME 53, ¶ 18, 832 A.2d 775, 779. Rather, we review all the findings "to determine if they are sufficient, as a matter of law, to support the result and if they are supported by the evidence in the record." *Id.* Furthermore, the findings must be sufficient to permit effective appellate review. *Id.* ¶ 22, 832 A.2d at 780. Before we can accurately assess the sufficiency of the findings, either as a matter of law or for effective appellate review, we must first address the standards for modification of an order of parental rights and responsibilities.

B. Standards Governing Modification of Parental Rights and Responsibilities

[¶ 6] Title 19–A M.R.S. § 1653(10)(B) provides:

**10. Modification or termination.** Upon the petition of one or both of the parents, an order for parental rights and responsibilities with respect to a minor child may be modified or terminated as circumstances require.

. . . .

**B.** Modification of and termination orders for parental rights and responsibilities other than child support are governed by section 1657.

[¶ 7] Title 19–A M.R.S. § 1657 (2005) provides in relevant part:

**1. Modification or termination.** An order for parental rights and responsibilities may be modified or terminated as circumstances require:

A. Upon the petition of one or both of the parents[.]

. . . .

**2. Change in circumstances.** In reviewing a motion for modification or termination filed under chapter 59 or section 1653 or 1655, the following constitute a substantial change in circumstances:

. . . .

**A–2.** The receipt of notice of the intended relocation of the child as required under section 1653, subsection 14; or

**B.** A finding by the court that domestic or family violence has occurred since the last determination of primary residence. 19–A M.R.S. § 1657(1)(A), (2)(A–2), (B) (footnote omitted).

■ [¶ 8] We previously phrased the question of whether circumstances require modification of an order of parental rights and responsibilities in the following manner: "Has there occurred since the prior custody order a change in circumstances sufficiently substantial in its effect upon the best interest of the children as to justify a modification of the custody agreement?" *Villa v. Smith,* 534 A.2d 1310, 1312 (Me.1987). When a substantial change in circumstances is established as a matter of law pursuant to 19–A M.R.S. § 1657(2), the court must consider the factors provided in 19–A M.R.S. § 1653(3) (2005) to determine what, if any, modification of the existing order is in the child's best interest. *Fraser v. Boyer,* 1998 ME 253, ¶ 10, 722 A.2d 354, 356; *Cloutier v. Lear,* 1997 ME 35, ¶¶ 8–9, 691 A.2d 660, 663–64; *cf. Williams v. Williams,* 1998 ME 32, ¶ 8, 706 A.2d 1038, 1040 (holding that the court must consider the best interest factors when entering an order of parental rights and responsibilities).

C. Modification Analysis in this Case

■ [¶ 9] Subsequent to the court entering the existing order of parental rights and responsibilities, Braun has both been involved in an abusive relationship and provided Sargent with notice that she intended to relocate with their child. Braun has conceded those facts for purposes of

the motion for judgment as a matter of law. Therefore, there has been a substantial change in circumstances pursuant to 19–A M.R.S. § 1657(2)(A–2), (B). Thus, the court was required to consider the factors provided by 19–A M.R.S. § 1653(3) to determine what, if any, modification to the order of parental rights and responsibilities was in the best interest of the child.[1]

[¶ 10] Although the court's findings of fact are supported by the evidence, the court did not provide any analysis or findings relative to the various relocations made by Braun, and in particular, the most recent move to Deer Isle and the related impact upon the child's education. *See* 19–A M.R.S. § 1653(3)(D), (E), (G). Similarly, the court found that Braun had been involved in an abusive relationship, and

---

1. Title 19–A M.R.S. § 1653(3) (2005) provides:

   **3. Best interest of child.** The court, in making an award of parental rights and responsibilities with respect to a child, shall apply the standard of the best interest of the child. In making decisions regarding the child's residence and parent-child contact, the court shall consider as primary the safety and well-being of the child. In applying this standard, the court shall consider the following factors:

   **A.** The age of the child;

   **B.** The relationship of the child with the child's parents and any other persons who may significantly affect the child's welfare;

   **C.** The preference of the child, if old enough to express a meaningful preference;

   **D.** The duration and adequacy of the child's current living arrangements and the desirability of maintaining continuity;

   **E.** The stability of any proposed living arrangements for the child;

   **F.** The motivation of the parties involved and their capacities to give the child love, affection and guidance;

   **G.** The child's adjustment to the child's present home, school and community;

   **H.** The capacity of each parent to allow and encourage frequent and continuing contact between the child and the other parent, including physical access;

   **I.** The capacity of each parent to cooperate or to learn to cooperate in child care;

   **J.** Methods of assisting parental cooperation and resolving disputes and each parent's willingness to use those methods;

   **K.** The effect on the child if one parent has sole authority over the child's upbringing;

   **L.** The existence of domestic abuse between the parents, in the past or currently, and how that abuse affects:
   (1) The child emotionally; and
   (2) The safety of the child;

   **M.** The existence of any history of child abuse by a parent;

   **N.** All other factors having a reasonable bearing on the physical and psychological well-being of the child;

   **O.** A parent's prior willful misuse of the protection from abuse process in chapter 101 in order to gain tactical advantage in a proceeding involving the determination of parental rights and responsibilities of a minor child. Such willful misuse may only be considered if established by clear and convincing evidence, and if it is further found by clear and convincing evidence that in the particular circumstances of the parents and child, that willful misuse tends to show that the acting parent will in the future have a lessened ability and willingness to cooperate and work with the other parent in their shared responsibilities for the child. The court shall articulate findings of fact whenever relying upon this factor as part of its determination of a child's best interest. The voluntary dismissal of a protection from abuse petition may not, taken alone, be treated as evidence of the willful misuse of the protection from abuse process;

   **P.** If the child is under one year of age, whether the child is being breast-fed; and

   **Q.** The existence of a parent's conviction for a sex offense or a sexually violent offense as those terms are defined in Title 34–A, section 11203.

   (Footnote omitted.)

although the court also found that she had extricated herself from that relationship, the court did not make any findings or provide any analysis relative to the effects upon the child or the child's best interest. *See id.* § 1653(3)(B), (L). Based on the court's findings, it is also unclear whether the court gave more than a cursory consideration of Braun's mental health issues and any related impact upon the safety and well-being of the child. *See id.* § 1653(3)(E), (F), (N).

[¶ 11] The court's findings do not address the factors provided in section 1653(3), and, therefore, are insufficient, as a matter of law, to support the judgment. Because there are undisputed facts that establish a substantial change in circumstances within the meaning of section 1657(2)(A–2), (B), the court was required to fully evaluate the record evidence relative to the best interest criteria set forth in section 1653(3).

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion. In view of the passage of time, the court may, in its discretion, receive additional evidence relative to the best interest of the child.