2009 ME 70

## ADOPTION OF HALI D.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 4, 2009.
Decided: July 16, 2009.

Erika S. Bristol, Esq., Auburn, ME, for the father.

E. Anne Carton, Esq., Law Office of E. Anne Carton, Brunswick, ME, for the mother and current husband.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

ALEXANDER, J.

■ [¶ 1] The father of Hali D. appeals from a judgment entered in the Sagadahoc County Probate Court (*Voorhees, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2) (2008). The mother and her current husband initiated the termination proceeding to allow the husband to adopt Hali in a concurrent adoption proceeding. The father is incarcerated in federal prison and has not had any contact with Hali since 2002, when she was less than one year old. His anticipated release date is in 2016. The father argues that there was insufficient evidence to support the court's finding of parental unfitness.[1] We affirm the judgment.

■ [¶ 2] The father contends that the physical separation from his daughter caused by his incarceration is insufficient to support a finding of parental unfitness. On that point, he is correct. A parent's long-term incarceration, standing alone, does not provide grounds for the termination of parental rights. *In re Randy Scott B.*, 511 A.2d 450, 455 (Me.1986); *In re Daniel C.*, 480 A.2d 766, 768–69 (Me. 1984). For an incarcerated parent, the court's focus is "not upon the usual parental responsibility for physical care and support of a child, but upon the parent's responsibility to provide a nurturing parental relationship" using the means available. *In re Daniel C.*, 480 A.2d at 769.

[¶ 3] In this case, termination is not based solely upon the physical separation stemming from the father's incarceration. The record indicates that the father has not communicated with Hali since about 2002, and that he did not provide a nurturing parental relationship even before his incarceration.[2] Accordingly, the trial court rationally could have found, by clear and convincing evidence, that the father has

---

1. The father makes two other arguments on appeal. First, he contends that the court erred in excluding certain testimony about the mother's relationship with her parents. Because the father failed to make an adequate offer of proof, he cannot demonstrate any prejudice from the court's ruling. *See County Forest Prods., Inc. v. Green Mountain Agency, Inc.*, 2000 ME 161, ¶ 46 n. 9, 758 A.2d 59, 71. Second, he contends that because Hali is currently thriving, the evidence does not support a finding that terminating his parental rights is in her best interest. The court was not required to find that continuing the relationship to the father would be harmful to Hali, particularly when there has been no parent-child relationship for several years. *See In re Jacob B.*, 2008 ME 168, ¶¶ 17–19, 959 A.2d 734, 738–39. The court's finding that termination is in Hali's best interest is supported by clear and convincing evidence.

2. Contrary to the father's contention, the court did not err in failing to find that the mother prevented him from contacting Hali. *See Preston v. Tracy*, 2008 ME 34, ¶¶ 10–11, 942 A.2d 718, 720.

abandoned Hali. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(iii); *see also* 22 M.R.S. § 4002(1–A)(A) (2008) (defining abandonment to include the failure to communicate meaningfully with the child for a period of at least six months). The court also found parental unfitness on other grounds, but we need not consider whether these alternative grounds are supported by clear and convincing evidence because each of the bases listed in 22 M.R.S. § 4055(1)(B)(2)(b) is independently adequate to support the termination of parental rights.

[¶ 4] Although not raised by the father on appeal, one other aspect of the court's decision requires comment. In its order, the court addressed the child's best interest before making a finding of parental unfitness. We have previously stated that, notwithstanding the sequence of issues stated in 22 M.R.S. § 4055(1)(B)(2), the trial court must first find parental unfitness before it proceeds to consider the best interest of the child. *In re Michelle W.*, 2001 ME 123, ¶ 11, 777 A.2d 283, 285–86.

[¶ 5] Because the father does not challenge the court's misallocation of fact-finding, our review is for obvious error. *See In re Joshua B.*, 2001 ME 115, ¶ 9, 776 A.2d 1240, 1243. Here, the trial court also made the required finding of parental unfitness by finding abandonment by clear and convincing evidence. Therefore, the father was not deprived of a fair trial and was not treated unjustly as a result of the trial court's misallocation of the order of fact-finding. *See id.* ¶ 12, 776 A.2d at 1244.

The entry is:

Judgment affirmed.