ALEXANDER, J.,
with whom JABAR, J., joins, dissenting.
[¶ 19] I respectfully dissent. Stephen M. Brett owns a home on Ocean Circuit Drive in Cape Neddick. Ten years ago, he participated in and initially agreed to the private road association’s arrangement for payment of the costs of maintaining and plowing the road. In the decade since the payment formula was established, Brett has refused to pay. The road association has now recovered a judgment of $6,000, a reduced amount, apparently set according to the statutory recovery limit for small claims judgments. See 14 M.R.S. § 7482 (2013).
[¶ 20] The Court vacates that judgment and orders entry of a judgment for Brett because it concludes that, when the road association was organized, owners of undeveloped lots were given insufficient notice of the organizational meeting. Were Brett the owner of an undeveloped lot, subject to no maintenance or plowing fee assessments, this certainly would be a *1130 valid basis to vacate the judgment. But Brett owns a developed lot. He had notice of and attended the organizational meeting. For ten years, Brett and his property have benefitted from snowplowing and road maintenance paid for by the other developed lot owners.
[¶ 21] Any lack of notice to undeveloped lot owners has not prejudiced Brett in any way. The Court’s opinion acknowledges that the payment arrangement, requiring payment only from owners of developed lots, does not violate the law. By now, 'Brett should be estopped from complaining about any procedural defect in establishing the payment arrangement under which the owners of developed lots, except Brett, have supported road maintenance and snow plowing for ten years.
[¶ 22] As any lack of notice to owners of undeveloped lots has not prejudiced Brett or increased his payment obligation in any way, that lack of notice does not support vacating the judgment against Brett and, apparently, barring any recovery on claims for quantum meruit or unjust enrichment. See Paffhausen v. Batano, 1998 ME 47, ¶¶6-9, 708 A.2d 269 (describing the elements of and distinguishing quantum meruit and unjust enrichment claims, noting that when “a party to whom services are rendered knows it and permits it and accepts the benefit, he is bound to pay a reasonable compensation therefor” (quotation marks omitted)).[11]
[¶ 23] We must resolve two issues in the appellant’s favor to vacate the trial court’s judgment obtained after a jury trial: first, that the trial court committed error, and second, that the appellant was prejudiced by the error. See M.R. Civ. P. 61; M.R. Crim. P. 52(a); M.R. Evid. 103(a); see also In re Joshua B., 2001 ME 115, ¶ 10, 776 A.2d 1240. Prejudice sufficient to justify reversal is found when a “substantial right” of the objecting party is affected by the error. See State v. Burdick, 2001 ME 143, ¶ 29, 782 A.2d 319; Joshua B., 2001 ME 115, ¶ 10, 776 A.2d 1240; State v. Phillipo, 623 A.2d 1265, 1268 (Me.1993).
[¶ 24] Here, Brett has demonstrated no prejudice from the alleged error of the trial court, let alone impact of a substantial right. In a few instances, prejudice, usually by an erroneous deprivation of certain constitutional rights, may be demonstrated without any showing of harm. See United States v. Gonzalez-Lopez, 548 U.S. 140, 147-50, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Such errors are called “structural errors.” See id. at 150, 126 S.Ct. 2557. No constitutional right is demonstrated to be violated here by the alleged failure to properly notify the owners of five of the sixteen lots oh the road. With no prejudice to the appellant demonstrated from the alleged error that may have occurred ten years ago, I would affirm the trial court’s judgment.

. If, as the Court concludes, the original organization of the road association was invalid, then the District Court small claims judgment could have been treated, on Superi- or Court review, as an unjust enrichment judgment. That judgment would have been subject to review in the Superior Court on questions of law only, M.R.S.C.P. 11(d)(2), as unjust enrichment is an equitable claim on which there is no jury trial right. Bowden v. Grindle, 651 A.2d 347, 350 (Me.1994).