MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2019 ME 155
Docket:        Cum-19-131
Submitted
  On Briefs:   October 24, 2019
Decided:       October 31, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

CORY M. KELLEY

v.

LAURA E. MCKEE

PER CURIAM

[¶1] Laura McKee appeals from a judgment of the District Court (Portland, *Darvin J.*) denying her motion to modify an order determining her and Cory Kelley's parental rights and responsibilities with respect to the parties' daughter. McKee argues that the court erred or abused its discretion by (1) failing to find that a substantial change in circumstances had occurred since the original determination of Kelley's visitation rights with the child, and (2) determining that the child's best interests would not be served by granting her motion to modify.[1] We affirm the judgment.

---

[1] We find the other arguments raised in McKee's brief unpersuasive, and we do not address them further.

## I. CASE HISTORY

[¶2] Viewed in the light most favorable to the court's judgment, the record supports the following facts. *See Young v. Young*, 2015 ME 89, ¶ 2, 120 A.3d 106.

[¶3] McKee and Kelley are the parents of a three-year-old child. Shortly after the child was born, McKee left Maine with the child because Kelley had acted violently toward McKee. Kelley subsequently filed a petition to determine parental rights and responsibilities in September 2016. In August 2017, the District Court (*Montgomery, J.*) issued a judgment determining the parties' parental rights and responsibilities. McKee was awarded primary physical residence, and Kelley was allowed weekly supervised visits at the Maine Supervised Visitation Center (MSVC). The court's judgment also established Kelley's child support obligations and directed the return to McKee of certain personal property, including her dog, Boomer.

[¶4] Following the entry of that judgment, Kelley had weekly visits with the child at MSVC until McKee suspended them in October 2018, at which time she filed the present motion to modify. The District Court (*Darvin, J.*) held a hearing on the motion on February 21, 2019.

[¶5]  Evidence at the hearing indicated that McKee stopped bringing the child to supervised visits as a result of several incidents.  First, McKee learned that, in August 2018, Kelley had abused his son from a different relationship.  Specifically, Kelley had struck or slapped his son on the back, resulting in "scarring."  Second, McKee was concerned about her child's safety after hearing from the owner of MSVC that Kelley had, during a visit on September 27, 2018, picked up the child and insisted on receiving a hug even after the child had told Kelley, "No."  The incident on September 27 was the only negative interaction that the owner of MSVC had witnessed between Kelley and the child in roughly fifty visits.  Third, on at least three occasions, Kelley had violated a no-contact order in place between the parties.

[¶6]  The District Court denied McKee's motion, finding that McKee had not shown either (1) a substantial change in circumstances or (2) that a modification to the parties' parental rights and responsibilities was in the child's best interests.  McKee filed a motion for further findings of fact, which the court denied.  McKee timely appealed the District Court's judgment.  *See* M.R. App. P. 2B.

## II.  LEGAL ANALYSIS

[¶7]  We review a ruling on a motion to modify a parental rights and responsibilities order for findings unsupported by the record, an abuse of discretion, or an error of law.  *See Jackson v. MacLeod*, 2014 ME 110, ¶¶ 10, 23, 100 A.3d 484.  The movant "must demonstrate that a substantial change in circumstances has occurred since the previous decree and that the modification is in the best interests of the child[] as determined through an analysis of the factors in 19-A M.R.S. § 1653(3) [(2018)]."  *Id.* ¶ 21.  When the District Court finds that there has been a substantial change in circumstances, "the court must consider the factors provided in 19-A M.R.S. § 1653(3) . . . to determine what, if any, modification of the existing order is in the child's best interest."  *Sargent v. Braun*, 2006 ME 96, ¶ 8, 902 A.2d 839.  We leave to the trial court's sound discretion the determination of the weight given to each factor.  *See Jackson*, 2014 ME 110, ¶ 23, 100 A.3d 484.

[¶8]  We first address McKee's argument that the court erred in finding that there had been no substantial change in circumstances.  By law, a substantial change in circumstances has occurred if the court finds "that domestic or family violence has occurred since the last determination of primary residence."  19-A M.R.S. § 1657(2)(B) (2018); *see Sargent*, 2006 ME 96,

¶ 8, 902 A.2d 839. The court found that Kelley abused his son from another relationship in August 2018, which was after the last determination of the child's primary residence in August 2017. Kelley's conduct—striking his minor child with sufficient force to leave scarring—qualifies as "domestic or family violence" within the meaning of section 1657(2)(B). The court's determination that this incident of abuse occurred required the court to find a substantial change in circumstances.

[¶9] Even when a substantial change of circumstances has been found, however, the court may grant a motion to modify an order determining parental rights and responsibilities only if it concludes that doing so is in the best interests of the child. *See Jackson*, 2014 ME 110, ¶¶ 21-23, 100 A.3d 484 (determination of weight to be given to each factor left to trial court's sound discretion); *Sargent*, 2006 ME 96, ¶ 8, 902 A.2d 839. The court determined that, even if a substantial change in circumstances had occurred, the child's best interests did not require any modification to the parties' parental rights and responsibilities. Therefore, any error in failing to find a substantial change of circumstances based on Kelley's abuse of his son was harmless. *See Greaton v. Greaton*, 2012 ME 17, ¶ 7, 36 A.3d 913 (describing the harmless error standard).

[¶10]  In support of its decision, the court made factual findings relevant to the best interest factors stated in section 1653(3).  Most importantly, the court found that Kelley had completed roughly fifty visits with the child with only one negative report and had completed, without incident, two visits *after* September 27, 2018, the date of the visit that resulted in the adverse report.  *See* 19-A M.R.S. § 1653(3)(F), (N).  Also significant is the court's determination that Kelley's "contact [with the child] is already highly restricted and limited in a manner that ensures the safety of the child."  *See id.* § 1653(3)(N), (S).  Finally, the court found that "the modifications sought [by McKee] appear designed to impose a prolonged and profound interruption of parental contact between father and child."  *See id.* § 1653(3)(B), (F), (H)-(J).  The court's findings are supported by evidence in the record.

[¶11]  Because McKee had the burden of proof on her motion, she is required here to demonstrate that the record compelled the court to make the findings and determinations necessary for her motion to have been granted, including that a modification of the prior judgment is in the child's best interests.  *See Jackson*, 2014 ME 110, ¶ 21, 100 A.3d 484.  The record did not compel the court to make the latter finding.  Accordingly, the District Court acted within its discretion in denying McKee's motion to modify.

The entry is:

Judgment affirmed.

---

Peggy L. McGehee, Esq., Perkins Thompson, Portland, for appellant Laura E. McKee

Cory M. Kelley did not file a brief

Portland District Court docket number FM-2016-811
FOR CLERK REFERENCE ONLY