**Gary N. HATCH**

v.

**Peri HATCH.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 4, 1991.

Decided Sept. 20, 1991.

Deborah Potter, Damariscotta, for plaintiff.

Gordon E. Stein, Damariscotta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Gary Hatch appeals from a Superior Court order (Lincoln County, *Lipez, J.*) affirming the District Court's judgment in a divorce action (Wiscasset, *MacDonald, A.R.J.*). Preliminarily, plaintiff argues that the District Court erred in determining that his request for findings of fact and conclusions of law should not have been treated as filed within the time limits specified in M.R.Civ.P. 52. We agree that the request was timely and we vacate and remand for findings.

The divorce judgment was entered on the District Court docket on Thursday, July 6, 1989. The docket entry included the notation "plain copy to Potter, Esquire [counsel for plaintiff]." On Friday, July 14, plaintiff filed a motion for findings of fact and conclusions of law pursuant to Rule 52(a), which requires filing within five days of notice of judgment. The District Court denied the motion because it was filed eight days after the notice of judgment. The District Court subsequently denied plaintiff's motion for relief, concluding that a copy of the judgment was either mailed or handed to plaintiff's counsel on July 6, thereby triggering the five-day period.

The time limit for requesting Rule 52(a) findings commences upon *receipt* of notice. *See Gosselin v. Better Homes, Inc.*, 256 A.2d 629, 633 (Me.1969); Field, McKusick & Wroth, *Maine Civil Practice* § 52.3 (2d ed. 1970). In the present case, plaintiff's counsel informed the court that she did not receive a copy of the judgment until Monday, July 10. The court considered the docket entry and the inconclusive testimony of the clerk of the court to determine that plaintiff was *either* handed or mailed a notice of judgment on July 6. The court concluded, therefore, that the request for findings was filed beyond the five-day time limit. The court failed to consider, however, that the same result does not follow from both methods of notification. Mailing on July 6 is consistent with counsel's claim of receipt on Monday, July 10. If, on the other hand, the judgment was handed to plaintiff on July 6th, then the request was not timely, and findings were properly denied. Given the inconclusive nature of the District Court's findings concerning plaintiff's compliance with the time limit set forth in the rules, and given the fact that the rules exist to secure the just determination of every action, *see* M.R.Civ.P. 1, the court should not have held plaintiff in procedural default. Rather, in these circumstances, with no suggestions of bad faith on the part of plaintiff or his counsel, the court should have given plaintiff the benefit of the doubt and assumed receipt of notice on the latter of the alternative dates.

In considering the appeal, the Superior Court correctly held that the District Court should have determined when plaintiff received notice, but found that the error was harmless because the record supported the divorce judgment. We do not agree that the trial court's failure to issue findings and conclusions constitutes harmless error. Plaintiff challenges the basis for the court's division of the parties' property. "The primary function of Rule 52 findings is to present a clear statement of the basis for the trial court's judgment to an Appellate Court." *Conger v. Conger*, 304 A.2d 426, 429 (Me.1973). "[T]he failure of the trial justice clearly to state the factual findings and correlate them with the relevant legal conclusions both hinders effective appellate review and fails to inform either the parties or the appellate court of the reasoning underlying the conclusions." *Murray v. Murray*, 529 A.2d 1366, 1368 (Me.1987). Because plaintiff requested findings in accordance with the rules, he is entitled to prosecute his appeal on the basis

of the court's actual findings rather than its assumed findings.

The entry is:

Judgment of the Superior Court vacated. Remanded with instructions to vacate the order of the District Court refusing to make findings of fact and conclusions of law and to remand with instructions to make such findings and conclusions.

All concurring.