Joan C. PEDERSON,

v.

Everett PEDERSON.

Supreme Judicial Court of Maine.

Argued April 27, 1994.

Decided July 19, 1994.

Marvin H. Glazier (orally), Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Brent A. Singer (orally), Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS GLASSMAN, CLIFFORD, and DANA, JJ.

GLASSMAN, Justice.

Joan C. Pederson appeals from a judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*) affirming the divorce judgment[1] entered by the District Court (Bangor, *Mead, J.*). She contends that there was an unjust division of the marital property as between the parties and that the trial court failed to order the defendant, Everett Pederson, to pay adequate alimony to her. We vacate the judgment.

Joan filed the present complaint seeking a divorce on January 5, 1990. The record reveals the following facts: Joan and Everett were married in 1952 and separated in 1989. The parties' two surviving children are adults. Joan became a registered nurse in 1958 and worked in various capacities until 1986. During the most recent of these years, she was employed at Eastern Maine Vocational Technical Institute as a director of the practical nursing program earning approximately $27,000 a year. Because changes in the nursing program disqualified her from continuing in this capacity without pursuing further education, Joan and Everett agreed that she would resign in 1986.

At the time of the hearing on August 3, 1990, both parties were sixty years of age. Joan's accumulated retirement benefits had a lump sum value of approximately $27,600, from which she was eligible to receive a

---

1. After a hearing on the plaintiff's initial appeal to the Superior Court, the court (*Chandler, J.*) remanded the matter to the District Court for reconsideration of the division of property and award of alimony and for detailed findings of fact. Further findings were made by the trial court, and the court readopted and confirmed its original judgment. The plaintiff again appealed to the Superior Court.

monthly, pre-tax payment of $660. At age sixty-two she would be eligible to receive $264 a month in Social Security benefits, and if she delayed receipt until she was sixty five years of age, it would increase to $330. Absent securing future continued employment with the State, she is responsible for the cost of her health insurance. Everett is a retired captain of the Bangor Fire Department. He receives a monthly, pre-tax retirement benefit of $1342 that may increase. His retirement package also provides paid health insurance. He represented District 119 in the Legislature, earning $6000 in 1990.

The parties stipulated that the value of their recently renovated marital residence is $72,000 and is encumbered by a $25,000 mortgage. They also own an unencumbered apartment complex located in Bangor with a stipulated value of $150,000 that produces a net income of approximately $10,000 annually. Everett testified that to keep the apartments rented various repairs were needed, costing at least $5000. They own an unencumbered camp at Harriman Pond with an appraised value of $20,000 and a rustic hunting camp at Elliotsville Plantation worth $4000. The parties also own a 1983 Volvo, a 1983 station wagon, both of unspecified value, and undivided household furnishings worth approximately $3000. In addition to the mortgage on the family home, their marital obligations consist of a $700 personal loan, $5000 in credit card bills, $400 in medical bills, $2336 for the current real estate taxes on the apartment complex and $1219 for the current real estates taxes on the family home.

The District Court granted a divorce to the parties on the ground of irreconcilable differences. After considering the "required maintenance and investing" for the apartment complex and the "good shape" of the family home, the court determined that the

value of the marital home is "essentially equal" to the value of the apartment complex. It awarded to Joan the family home, the camp at Harriman Pond, the 1983 Volvo, and the household furnishings. Joan was to be responsible for the $25,000 mortgage debt, the $700 personal loan, and the $400 in medical bills. Everett was awarded the apartment complex and its income, the camp at Elliotsville Plantation, and the 1983 station wagon. He was to be responsible for the $3555 in real estate taxes then owing on the home and the apartment complex and the $5000 in credit card bills. Implicit in the judgment is that each party would thereafter be responsible for the real estate taxes on the real property awarded to that party. The court further ordered Everett to pay alimony to Joan in the amount of $600 a month for a period of three years or until she became employed for a period of 30 hours or more a week, whichever first occurred. There was no award of attorney fees to either party.

 When, as here, the Superior Court acts as an intermediate appellate court, we review directly the record before the District court. *Noyes v. Noyes,* 617 A.2d 1036, 1037 (Me.1992). We have previously explained that 19 M.R.S.A. § 722–A[2] carries no presumption either in favor or against an equal division of property; the statute directs a "just" division. *Robinson v. Robinson,* 554 A.2d 1173, 1176 (Me.1989). The divorce court's division of marital property will be overturned if there is a violation of some positive rule of law or if the division results in a "plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Pongonis v. Pongonis,* 606 A.2d 1055, 1058 (Me.1992) (quoting *Anderson v. Anderson,* 591 A.2d 872, 874 (Me.1991)).

2. Section 722–A provides in part:
 **1. Disposition.** In a proceeding ... for a divorce ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors, including:
 **A.** The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

 **B.** The value of the property set apart to each spouse; and
 **C.** The economic circumstances of each spouse at the time the division of the property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.
19 M.R.S.A. § 722–A(1) (1981).

The evidence in this case discloses that Joan received non-income-producing marital property of the approximate net value of $70,000 with an obligation to pay $1100 in marital debts. Everett received marital property with the approximate net value of $154,000, including property that produced income of approximately $10,000 a year, with an obligation to discharge $8555 in marital debts. There is no evidence that the parties had not contributed equally to the acquisition of their marital property or that each party is not equally employable. *See* 19 M.R.S.A. § 722–A(1)(A), (C) (1981). Moreover, the record discloses Everett's superior economic circumstances at the time the property division was to become effective. *See id.* § 722–A(1)(C). Joan is not employed, is responsible for her own health insurance, and is presently eligible to receive $660 a month in retirement. It is only after two years that her combined pension and Social Security benefits will total between $900 and $1000 a month. Everett, in addition to the expected income from the rental property, presently receives $1342 a month in retirement benefits as well as paid health insurance. Finally, there is no basis in the record for the court's conclusion that the family home, with an equity of less than $50,000, is "essentially equal" in value to the unencumbered, income-producing apartment complex valued at $150,000. On this record, the division of marital property results in a "plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Pongonis*, 606 A.2d at 1058. Accordingly, we vacate that portion of the judgment.

We also vacate the remainder of the judgment that relates to all economic matters as between the parties to allow for their full redetermination by the trial court. We, therefore, need not address the plaintiff's contention concerning the inadequacy of the alimony provided by the judgment. *See MacDonald v. MacDonald*, 532 A.2d 1046, 1050 (Me.1987) (vacating entire judgment to allow any necessary readjustment to alimony if court reallocates marital assets and liabilities).

The entry is:

Judgment vacated, except as to the grant of a divorce. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.