1997 ME 154

**Constance BELL**

v.

**Gregory BELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 26, 1997.

Decided July 18, 1997.

E. Allen Hunter, Solman & Hunter, P.A., Caribou, for plaintiff.

Richard L. Currier, Currier & Trask, P.A., Presque Isle, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] Gregory Bell appeals from the judgment entered in the Superior Court (Aroos-

---

took County, *Pierson,* J.) affirming the judgment entered in the District Court (Caribou, *Daigle,* J.) granting a divorce to Constance Bell and Gregory Bell on the ground of irreconcilable marital differences. We affirm the judgment.

[¶ 2] When, as here, the Superior Court acts in the capacity of an appellate court, we review directly the record before the District Court to determine whether there is any error of law that affects the validity of the court's judgment. *Page v. Page,* 671 A.2d 956, 957 (Me.1996). Because our review of the record discloses that, contrary to Gregory's contentions, the trial court acted within its discretion in the allocation of the parties' marital property and the award of alimony to Constance and that the record is devoid of any evidence to support Gregory's contention that the court considered marital fault leading to the breakdown of the marriage in reaching its determinations, it is unnecessary to detail further those determinations or the evidence supporting them.

[¶ 3] For the sole purpose, however, of again affirming our previous articulation of those principles governing the respective responsibilities of the court and of the parties, we address Gregory's contention that the trial court erred by refusing to make its own further findings of fact and conclusions of law in response to his motion pursuant to M.R. Civ. P. 52. Gregory does not contend, nor on this record can he, that the judgment of divorce fails to set forth precise findings of fact based on the evidence adduced at the trial or the rationale for its decision. Rather, he argues that it was incumbent on the trial court, in response to his timely motion, to issue further findings of fact and conclusions of law without having the parties submit specific proposed findings of fact and conclusions of law based on those proposed findings. Our review of this record discloses the lack of merit in Gregory's contention.

[¶ 4] Pursuant to M.R. Civ. P. 52(a), the trial court "shall, upon the request of a party made as a motion ... find the facts specially...." However, "[i]f an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusion of law appear therein." M.R.Civ. P. 52(b) provides that "[t]he court may, upon motion of a party ... after notice of findings made by the court, amend its findings or make additional findings...." We have repeatedly stated that "[t]he primary function of Rule 52 findings is to present a clear statement of the basis for the trial court's judgment to an Appellate Court." *Hatch v. Hatch,* 596 A.2d 1006, 1007 (Me.1991) (quoting *Conger v. Conger,* 304 A.2d 426, 429 (Me.1973)). We also have repeatedly stressed the importance that a motion pursuant to Rule 52 state with specificity the findings of fact and conclusions of law requested. *See, e.g., Powell v. Powell,* 645 A.2d 622, 623–24 (Me.1994) (we assume trial court found all facts necessary to support decision in absence of motion for specific findings). This requirement not only obviates the necessity of an appellate court assuming that the trial court found all facts necessary to support its decision, *Williams v. Ubaldo,* 670 A.2d 913, 916 (Me.1996), but reinforces "[t]he strong policy of the rule to avoid burdensome paper work" being placed on the trial court. *Murray v. Murray,* 529 A.2d 1366, 1368 (Me.1987) (quoting 1 Field, McKusick & Wroth, Maine Civil Practice 52.1, 52.2 at 684, 685 (2d ed.1970)).

[¶ 5] The record reflects that within the time limit prescribed by Rule 52, Gregory moved for findings of fact and conclusions of law. The motion reads in full:

> NOW COMES the defendant, Gregory E. Bell, by counsel and moves for Findings of Fact and Conclusions of law with respect to a decision of the District Court dated April 27, 1995 in the above-captioned matter.
>
> WHEREFORE, the Defendant prays that the Court shall make Findings of Fact and state separately its Conclusions of Law with respect to said decision and file copies of the same with all parties.

In response to the motion, the trial court requested proposed findings from the parties. Constance responded with detailed findings of fact and conclusions of law. Gregory filed a memorandum stating his refusal to file proposed findings because the parties had previously submitted position-statements and "[a]s such, counsel for the

parties have served as advocates of their client's respective positions" and that it was incumbent on the trial court, pursuant to Rule 52, to make further findings on a request of a party without the party having to submit proposed findings. Thereafter, the trial court issued its order stating, inter alia, that it had reviewed the five-page divorce judgment and concluded it specifically set forth the factual findings and legal conclusions justifying the judgment and denied Gregory's motion for further findings of fact and conclusions of law.

[¶ 6] When, as here, the findings of fact and conclusions of law contained within the judgment of divorce inform the parties of the reasoning underlying the trial court's conclusions and allows effective appellate review, it is incumbent on the party to set forth specifically any further findings of fact or conclusions of law the party is by motion, pursuant to Rule 52, requesting of the court. To require less of a moving party is to unnecessarily burden the trial court and obstruct the purpose of the trial process to reach an expeditious and fair resolution of the dispute presented to the court. The record in this case clearly supports our conclusion that the trial court properly exercised its discretion by denying Gregory's motion for further findings of fact and conclusions of law.

The entry is:

Judgment affirmed.