2006 ME 10

**Steven L. WILLIAMS**

v.

**Julie M. ST. PIERRE.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 24, 2005.
Decided: Feb. 7, 2006.

**1012**

Steven L. Williams, Gardiner, for plaintiff.

Julie M. St. Pierre, Bath, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] Steven L. Williams and Julie M. St. Pierre are the parents of an almost two-year-old daughter. Williams appeals from a judgment entered in the District Court (West Bath, *Field, J.*) establishing the parties' parental rights and responsibilities and ordering the payment of child support. Williams argues, among other things, that the court's award of child support is excessive and unjust. Because we cannot determine from the record the court's reasons for rejecting the income Williams stated in his most recent affidavit, we vacate the child support award and remand for further proceedings.

## I.  BACKGROUND

[¶ 2] The following facts are undisputed. The parties' daughter was born on June 19, 2004. Williams filed a complaint for determination of paternity, parental rights and responsibilities, and child support on September 1, 2004. Williams filed a child support affidavit at that time indicating an expected gross income for 2004 of $41,000 from his employment at Bath Iron Works and Wal–Mart.

[¶ 3] The Family Law Magistrate (*Kidman, M.*)[1] entered an interim child support order requiring Williams to pay ninety dollars per week, and the parties proceeded to mediation on December 16,

---

1. As of September 17, 2005, case management officers ceased to exist and they became family law magistrates. *See* P.L.2005, ch. 384 (effective September 17, 2005) (codified at 4 M.R.S. § 183 (2005)). Consequently, we employ the title "family law magistrate" in this opinion.

2004. The parties did not reach agreement on child support through mediation.

[¶ 4] At the final hearing, Williams argued that, in calculating child support, the court should take into account the fact that his ten-year-old son from another relationship now lives with him, though he has not established the child's primary residence through a court order. He also argued that his nine-year-old daughter lives with him "almost half time," despite a court order that grants him contact only "every other weekend plus one day during the week."

[¶ 5] The court requested new child support affidavits from the parties, which they filed with the court. Williams's employment situation had changed and he indicated an expected income of $36,900 from his employment at BIW. He stated in his affidavit that, "[a]s an apprentice [he] can't get a second job to make ends meet as it may interfere with class work, thus losing [his] job."

[¶ 6] The court entered a paternity judgment on March 7, 2005, that established primary residence with St. Pierre. In its worksheet, the court used the earlier $41,000 annual income for Williams. The court ordered that from July 12, 2004, until July 1, 2005, Williams would pay $107 per week in child support to St. Pierre, who would not be earning any income during that time. The court separately ordered Williams to pay $149 per week beginning on July 1, 2005. The court imputed an income of ten dollars per hour to St. Pierre beginning on July 1, 2005, and took into account a ninety-dollar child care deduction.

[¶ 7] Williams then moved for relief from the child support judgment, asserting that several errors had been made in the calculation. Among other things, he argued that the court erred in utilizing the $41,000 income figure, which did not reflect his actual gross income.[2] The court denied his request for modification or a new judgment without comment. Williams timely appealed.

## II. DISCUSSION

[¶ 8] Williams contends that the court made a factual error in calculating his child support because the court found Williams's income based on his affidavit from a year earlier. We review the court's factual finding to determine whether it is clearly erroneous. *Chamberlin v. Chamberlin,* 2001 ME 167, ¶ 8, 785 A.2d 1247, 1250.

[¶ 9] The judgment itself contained no findings regarding Williams's income. The only reference to the income is found on the child support worksheets. It is unclear from the record why the court relied on the statement in Williams's first child support affidavit that he earned $41,000 annually, rather than making a finding consistent with his current affidavit, which states that he earns $36,900 annually. The court may have had a reason for concluding that Williams's earning capacity was higher than the earnings estimated by his most recent child support affidavit, but without explicit findings to justify the reliance on the older affidavit, our appellate analysis is hindered. We cannot assume that the court implicitly found facts sufficient to support its reliance on the outdated child support affidavit because the court entered no further findings in response to Williams's post-judgment motion. *See Bell v. Bell,* 1997 ME 154, ¶ 4, 697 A.2d 835, 836 (stating that, when a party specifically articulates his requested findings in his post-judgment motion, we do not assume

2. Williams argued that, although he earned that amount previously, given his time obligations to his son, he can no longer supplement his BIW job with part-time work.

the trial court found all facts necessary to reach its conclusion).

[¶ 10] In these circumstances, we are unable to determine whether, as argued by Williams, the findings of fact were clearly erroneous. Accordingly, we must vacate the child support judgment and remand the matter to the District Court for the court to clarify or amend the judgment. *See Holt v. Watson,* 2005 ME 33, ¶¶ 6, 7, 868 A.2d 891, 893–94 (remanding an award of spousal support for further findings when the judgment was unclear whether the awarded spousal support was reimbursement support or general support).

[¶ 11] We have considered all other issues Williams raised on appeal, but those issues do not merit discussion. Apart from the determination of child support, we affirm the judgment.

The entry is:

Child support award vacated and remanded to the District Court for further findings. In all other respects, judgment affirmed.