MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 89
Docket:        Yor-14-304
Submitted
 On Briefs:  February 26, 2015
Decided:      July 21, 2015

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

# JENNIFER A. YOUNG

v.

# MICHAEL S. YOUNG

HJELM, J.

[¶1]  Michael S. Young appeals from a judgment of divorce from Jennifer A. Young entered in the District Court (York, *Janelle, J.*).  Michael argues that the trial court (1) failed to make adequate findings of fact regarding its determinations of parental rights and responsibilities and spousal support, (2) incorrectly calculated his child support arrearages, (3) erroneously characterized marital property as nonmarital property, (4) inequitably divided the marital property, and (5) erroneously ordered him to pay Jennifer's attorney fees.  We vacate several of the economic provisions of the judgment and remand for further proceedings but affirm the judgment in all other respects.

## I. BACKGROUND

[¶2]  The following facts are viewed in the light most favorable to the court's judgment.  *See Sloan v. Christianson*, 2012 ME 72, ¶ 2, 43 A.3d 978. Jennifer and Michael were married in May 2003 and are the parents of three minor children born between 2004 and 2008.  Jennifer filed a complaint for divorce in December 2012.  After a two-day hearing, the court entered a divorce judgment on March 31, 2014, that granted Jennifer sole parental rights and responsibilities for the children and allowed Michael rights of contact for up to three hours every other week, which, at Jennifer's election, will be either supervised by a responsible adult that Jennifer selects or held at a licensed or certified child visitation center.  The court also awarded Jennifer $3,263 in child support arrearages.  The court set aside Michael's entire Shaw's retirement account to Jennifer in lieu of spousal support,[1] and set aside to Jennifer certain items of property that it determined belonged to Jennifer or to the parties' minor children as nonmarital property.  The court awarded a vehicle to each party, and the remaining items of marital personalty were awarded to the party who possessed them at the time of the divorce.  Finally, the court ordered Michael to pay Jennifer's reasonable attorney fees.

---

[1]  The court initially awarded Jennifer Michael's retirement account from his employment at Hannaford but, in response to one of Michael's post-judgment motions, corrected that provision to refer to the Shaw's retirement account.

[¶3]  Michael filed a timely motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52 (Tower 2013), requesting that the court further address the awards of spousal support, nonmarital personal property, certain items of marital personalty, and attorney fees.  On June 11, 2014, the court summarily denied Michael's motion and ordered Michael to pay Jennifer $10,000 for her attorney fees.  Michael appeals the court's judgment and subsequent order.

## II.  DISCUSSION

[¶4]  We address Michael's challenges in turn.

A.    Parental Rights and Responsibilities

[¶5]  In establishing Michael's rights of contact with the parties' children, the court authorized Jennifer to designate the person who will supervise that contact.  Michael argues that because Jennifer had not promoted meaningful contact between him and the children, the judgment gives her too much discretion and that "these visits simply will not occur."[2]  In assessing a determination of parental rights and responsibilities, "[w]e review factual findings for clear error and the ultimate conclusion concerning the child's best interest and rights of contact for an abuse of discretion."  *Sullivan v. Doe*, 2014 ME 109, ¶ 19, 100 A.3d 171.  Where, as here, the court does not issue factual findings and a party fails to move for findings of fact on the issue of parental rights, we will "infer that

---

[2]  Michael does not challenge the judgment's requirement that contact be supervised.

4

the trial court made all the findings necessary to support its judgment, if those findings are supported by the record." *Malenko v. Handrahan*, 2009 ME 96, ¶ 37, 979 A.2d 1269; *see Sullivan*, 2014 ME 109, ¶ 19, 100 A.3d 171.

[¶6]  At trial, a therapist testified that the oldest child has post-traumatic stress disorder, is hypervigilant, and has nightmares and flashbacks of Michael abusing and terrorizing her.  She fears Michael and feels the need to protect her younger siblings from him.  Jennifer testified that in order to protect the children when Michael became agitated, she positioned herself between him and the children.  The therapist has worked with Jennifer on her parenting skills and testified that although there is room for improvement, Jennifer is an appropriate caregiver who is nurturing and loving.  This and other evidence support the court's conclusions that supervised contact of limited duration is in the children's best interests and that Jennifer is capable of determining the specific supervisory arrangements within the parameters of the judgment that will protect the children's physical and emotional well-being during visitation.  The court therefore did not abuse its discretion in setting the conditions of contact and authorizing Jennifer to control some of its circumstances.  If in the future Michael raises a claim that Jennifer has impeded his court-ordered rights of contact, he may pursue familiar procedural mechanisms to seek judicial recourse.  *See Hogan v. Veno*, 2006 ME 132, ¶¶ 18-20, 909 A.2d 638; M.R. Civ. P. 66.

B.     Child Support Arrearages

[¶7]   Michael next contends that the court miscalculated his child support arrearage to be $3,263.   We review a court's child support award for abuse of discretion.  *Cf. Buck v. Buck*, 2015 ME 33, ¶ 6, 113 A.3d 1095.

[¶8]  In February 2013, the court entered an interim order requiring Michael to pay weekly child support of $273.   On July 19, 2013, the court amended the child support order and prospectively allowed a credit toward Michael's weekly child support obligation for the cost of professional services to supervise his contact with the children, up to $50 per visit.   Between February 11 and the final hearing, Michael's cumulative gross child support obligation was $14,469.   The court found that Michael had paid $11,206 in child support, leaving an arrearage of $3,263.   The undisputed evidence establishes that there were five professionally supervised visits between October 2013 and January 2014, and that Michael paid a total of $210 for those services.   Because the court did not adjust the arrearage by that amount, we correct the judgment to reduce the amount Michael owes in child support arrearages from $3,263 to $3,053, and affirm the order as corrected.  *See Avery v. Kennebec Millwork, Inc.*, 2004 ME 147, ¶ 11, 861 A.2d 634.

C.     Shaw's Retirement Account

[¶9]   Michael argues that the court erred in awarding spousal support to Jennifer.   In fact, the court did not order Michael to pay spousal support.   Rather,

6

in its division of marital property and in lieu of spousal support, the court set aside to Jennifer the Shaw's Supervalu Retirement Account from Michael's employment, with a value of roughly $22,500. In its judgment, the court explained that this award was "to effectuate an equitable division of property, and [was] in consideration of [Jennifer's] waiver of her right to receive spousal support from [Michael]." Therefore, one of the two conjunctive reasons why the court set aside the Shaw's Supervalu account to Jennifer is that otherwise, she would have had a "right" to spousal support. The court did not issue findings of fact to support this conclusion and subsequently denied Michael's motion for findings of fact and conclusions of law on the point.

[¶10] Michael's motion is governed by Rule 52(a) because the court had not issued findings of fact and conclusions of law on the issues that were the subject of the motion. When the court has not made findings of fact or conclusions of law, it "shall, upon the request of a party made as a motion within 5 days after notice of decision, . . . find the facts specially and state separately its conclusions of law thereon." M.R. Civ. P. 52(a) (Tower 2013). When a party requests that the court issue findings of fact and conclusions of law, "[t]he divorce court has a duty to make findings sufficient to inform the parties of the reasoning underlying its conclusions and to provide for effective appellate review." *Bayley v. Bayley*, 602 A.2d 1152, 1153-54 (Me. 1992); *see also Dalton v. Dalton*, 2014 ME 108,

¶ 20, 99 A.3d 723 (holding that when a party files a motion pursuant to Rule 52(a), the court's obligation to issue findings and conclusions is "mandatory.").[3]

[¶11] In some circumstances, the court may properly adjust the division of the marital estate based on factors relevant to spousal support. 19-A M.R.S. §§ 951-A(2)(C), (3) (2014). In its judgment and order denying Michael's Rule 52(a) motion, however, the court did not provide findings to support its conclusion that Jennifer had a "right" to receive spousal support. As a result, the court has not explained why it decided to award Jennifer the entire Shaw's retirement account as a substitute for the support it may have awarded to her otherwise. This omission prevents meaningful appellate review of this aspect of the property division, and we vacate the award of the Shaw's retirement account to Jennifer and remand for the court to issue findings and conclusions on its award. *See Bayley*, 602 A.2d at 1154.

---

[3] Michael did not include proposed findings and conclusions as part of his Rule 52(a) motion. Although the better practice is for the moving party to propose findings for the court's consideration in order to direct the court's attention to specific aspects of the case, Rule 52(a) does not require submission of proposed findings. This is in contrast to motions submitted under Rule 52(b), which governs a motion for issuance of findings and conclusions beyond those already provided by the court. *Wandishin v. Wandishin*, 2009 ME 73, ¶ 18, 976 A.2d 949. Although we have held that a Rule 52(b) motion must be supported by proposed findings and conclusions, *see, e.g.*, *Dalton v. Dalton*, 2014 ME 108, ¶ 21, 99 A.3d 723; *Bell v. Bell*, 1997 ME 154, ¶ 6, 697 A.2d 835, we have not imposed that requirement for Rule 52(a) motions. Accordingly, under the analysis applicable to Rule 52(a), Michael's motion was not deficient.

Jennifer has not challenged the sufficiency of Michael's Rule 52(a) motion based on any requirements that may arise from Rule 7(b) of the Maine Rules of Civil Procedure. We therefore do not address the question of whether Rule 7 requires a party who files a Rule 52(a) motion to submit proposed findings and conclusions, even though Rule 52(a), standing alone, does not.

D.    Personal Property

[¶12]    Michael argues that the court erroneously characterized certain marital property as nonmarital and awarded those items to Jennifer as her separate property, and that the court abused its discretion in its award of several items of marital personalty.

[¶13]    When distributing personal property in a divorce judgment, "[t]he trial court must (1) determine what of the parties' property is marital and [nonmarital], (2) set apart each spouse's [nonmarital] property, and (3) divide the marital property between them in such proportion as the court deems just." *Burrow v. Burrow*, 2014 ME 111, ¶ 13, 100 A.3d 1104 (quotation marks omitted); *see also* 19-A M.R.S. § 953 (2014).  Marital property, in the context of this case, is defined as "all property acquired by either spouse subsequent to the marriage." 19-A M.R.S. § 953(2).  The court's classification of property as marital or nonmarital is reviewed for clear error.  *Miliano v. Miliano*, 2012 ME 100, ¶ 15, 50 A.3d 534.  We review the court's division of marital property for an abuse of discretion "and its underlying factual findings for clear error."  *Thumith v. Thumith*, 2013 ME 67, ¶ 8, 70 A.3d 1232.  "[W]e will vacate a judgment only if no competent evidence exists in the record to support it."  *Hatch v. Anderson*, 2010 ME 94, ¶ 12, 4 A.3d 904 (quotation marks omitted).

[¶14]  The court determined that Jennifer's clothing, shoes, jewelry, and documents bearing her name are her nonmarital property.  Michael's only challenge to this determination is that "[i]t was clear from the testimony at trial, that these items are in fact, marital in nature."  However, neither party presented any evidence regarding the nature of these items.[4]  Because Michael's argument is predicated on the incorrect notion that there exists evidence that Jennifer's personal belongings were marital, we do not reach Michael's argument that these items were subject to division as marital property, and we affirm the court's award of these items to Jennifer as her nonmarital property.[5]

[¶15]  Michael argues that the court failed to award a rocking chair to either party and that it should be set aside to him as his nonmarital property.  Michael testified, however, that his parents gave the chair to Jennifer and him during the course of the marriage when they had children, which renders it marital in nature. *See* 19-A M.R.S. § 953(2).  Because Jennifer is in possession of the chair, it was awarded to Jennifer under the residuary provision of the judgment that the party in

---

[4]  Because the parties did not present any evidence about when these items were acquired, the statutory presumption that property acquired during a marriage is marital, *see* 19-A M.R.S. § 953(3) (2014), did not arise.

[5]  In his financial statement, Michael indicated that the parties own wedding rings, but Michael did not check the box on the form to indicate that the rings belong to either party as nonmarital property.  Therefore, we must conclude that the rings are the parties' marital property.  (Jennifer's other jewelry was not listed in the financial statements.)  We infer that the wedding rings were distributed as marital property in the residuary provision of the judgment ordering that any marital item possessed by either party at the time of the judgment is awarded to that party.

10

possession of a marital item of personalty would retain it. The court therefore did not omit the chair from the distribution of marital assets and did not err in awarding it to Jennifer.

[¶16] We vacate the court's award of several other items of tangible personalty, however, because of several discrete errors affecting its analysis. First, the court erred in setting aside to Jennifer as her nonmarital property a television, computer, monitor and printer, two air conditioners,[6] and a washer and dryer. The limited evidence presented by the parties on the character of these items of personalty, which is contained in their financial statements, can support only the conclusion that they are marital. Also, the court set aside the children's belongings to Jennifer as nonmarital property. Whether those items are best seen as the children's separate property or as the parties' marital property owned for the benefit of the children, they are not Jennifer's alone. Finally, although the court purported to award a vehicle to each party and ordered that Michael would be responsible for a debt on a boat, the undisputed evidence establishes that they own only one vehicle and do not own a boat.

---

[6] Although it appears that the parties may possess three air conditioners, Michael concedes that one belongs to Jennifer's brother, and he therefore challenges the court's classification of only two air conditioners as marital property.

[¶17]　We therefore vacate the award of all tangible marital personal property and remand for the court to correct these errors and to reconsider the effect, if any, of those changes on its overall property division.

E.　Attorney Fees

[¶18]　Finally, Michael contends that the court erred when it ordered him to pay $10,000 to Jennifer for her attorney fees.　Because we vacate aspects of the judgment that bear on economic issues in this case, we also vacate the court's award of attorney fees to allow for its reconsideration because of the interrelationship between those economic issues and an award of attorney fees. *See Pederson v. Pederson*, 644 A.2d 1045, 1047 (Me. 1994).

The entry is:

> Judgment vacated as to the Shaw's retirement account, the distribution of all tangible marital personal property, and attorney fees.　Remanded to the District Court for further proceedings consistent with this opinion.　The child support arrearage is affirmed as corrected.　Judgment affirmed in all other respects.

**On the briefs:**

Gregory J. Orso, Esq., Orso Law, P.A., York Harbor, for appellant Michael S. Young

Jeannette M. Durham, Esq. Fairfield & Associates, P.A., Lyman, for appellee Jennifer A. Young

York District Court docket number FM-2012-218
FOR CLERK REFERENCE ONLY