MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 3
Docket:        Yor-15-323
Submitted
 On Briefs:    December 17, 2015
Decided:       January 12, 2016

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

## CAROLYN H. DUMAS

v.

## IAN D. MILOTTE

PER CURIAM

[¶1]   Ian D. Milotte appeals and Carolyn H. Dumas cross-appeals from a child support order included in a judgment issued by the District Court (York, *Janelle, J.*) establishing parental rights and responsibilities regarding their minor child.   The judgment did not include findings of fact and conclusions of law supporting the applicable elements of the child support calculation.   Milotte moved for the court to issue findings and conclusions on those issues, and the court denied Milotte's motion.   The denial of Milotte's motion was erroneous because of the requirements of Maine Rule of Civil Procedure 52(a).   We therefore vacate that portion of the judgment addressing child support and remand for further proceedings.

## I. BACKGROUND

[¶2]   Milotte and Dumas are the parents of a child born in 2012.   In December 2014, Dumas commenced this action for a determination of their parental rights and responsibilities.  A hearing on Dumas's complaint and Milotte's counterclaim was held in April 2015.   At the hearing, the parties presented evidence bearing on parental rights and responsibilities, including the various financial considerations necessary to determine their child support responsibilities. *See* 19-A M.R.S. §§ 2001-2012 (2014).[1]   In this case, the considerations central to calculating child support were the incomes both of the primary care provider (Dumas) and of the non-primary care provider (Milotte) to determine the basic support entitlement, *see* 19-A M.R.S. § 2006(1) (2014), and the cost of childcare, *see id.* § 2006(3)(A).  The parties contested each of those components of the child support computation based on the following evidence.

[¶3]   First, regarding Dumas's income, the court was presented with evidence that as a self-employed farrier, she worked 30 hours per week.  She testified that she chose not to work more "[b]ecause I'm a mother."  Her weekly income was $600 for 48 weeks per year and $1,000 for the remaining four weeks.  She testified that she "always" takes a quarterly bonus but that there have been

---

[1]   Title 19-A M.R.S. §§ 2001 and 2006 have since been amended by P.L. 2015, ch. 186, §§ 2 and 3 (effective Oct. 15, 2015) (codified at 19-A M.R.S. §§ 2001, 2006 (2015)), but the changes do not affect this appeal.

only two such payments: $5,333 for the last quarter of 2014, and $1,800 for the first quarter of 2015. For 2014, she reported gross receipts of $40,000, but taxable income of approximately $27,000 in part because she claimed a depreciation expense of approximately $2,700 arising from her purchase of a horse trailer, and deductible transportation expenses of nearly $9,000. She further testified that she did not expect a change between her 2014 and 2015 income levels. The court determined that Dumas' annual income for child support purposes was $30,000 but did not explain the basis for this determination.

[¶4]    Second, as to Milotte's income, the evidence showed that he is employed as a medical marijuana cultivator. The court was presented with evidence that he worked 30 hours per week and, at the time of the hearing, earned an hourly wage of $13.50, having recently received a raise from $11 per hour. Milotte testified that he sets his work schedule based on his contact schedule with the child. In his child support affidavit, *see* M.R. Civ. P. 108(a), he reported annual income of $17,160. Again without explaining its reasoning, the court determined that Milotte's annual income was $25,000.

[¶5]  Third, the issue of the childcare expense was contested at the hearing. Undisputed evidence established that the daily cost of childcare was $43. The child had been attending daycare two days per week, and in their child support affidavits, both parties quantified the weekly childcare expense to be $86. Dumas,

4

however, testified that the child's best interest would be served if he attended daycare five days per week, and Milotte's position was that he should have contact with the child during some of the time Dumas contended the child should spend at daycare. In the worksheet accompanying the child support order, the court found that the proper weekly amount of childcare was $215, which is equivalent to the weekly cost of five days of attendance at daycare. The court, however, did not explain its reasoning underlying its apparent determination that this was the appropriate amount.

[¶6] On the day after the hearing, the court issued a judgment that included a child support order, which was accompanied by a child support worksheet reflecting the parties' income levels and childcare expense noted above. Applying those figures to the child support tables,[2] *see* 17 C.M.R. 10 144 351-15 to -33 (2014), the court ordered Milotte to pay weekly child support in the amount of $173.25. Milotte filed a timely motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a), requesting that the court issue findings and conclusions on the amount of both parties' incomes and the amount of childcare

---

[2] Neither party requested a deviation from the amount calculated pursuant to the child support table and guidelines. *See* 19-A M.R.S. § 2007 (2015).

expenses used to calculate his child support obligation. The court summarily denied Milotte's motion, and the parties' appeals followed.[3]

## II. DISCUSSION

[¶7] Maine Rule of Civil Procedure 52(a) is the vehicle available to a party to obtain findings of fact and conclusions of law from the court when the decision or judgment does not already provide an explanation of the court's reasoning. *See Young v. Young*, 2015 ME 89, ¶ 10, 120 A.3d 106.[4] When a party properly invokes Rule 52(a) and moves for the court to issue findings of fact and conclusions of law, the court then "has a duty to make findings sufficient to inform the parties of the reasoning underlying its conclusions and to provide for effective appellate review." *Young*, 2015 ME 89, ¶ 10, 120 A.3d 106 (quotation marks omitted).

[¶8] That is the case here. The worksheet associated with the court's child support order quantifies the amount of the parties' respective incomes and the weekly amount of childcare expenses. *See* 19-A M.R.S. § 2006(1), (3). In the context of this action, those are the foundational data needed to calculate the parties' respective child support obligations. *See* 19-A M.R.S. § 2006;

---

[3] Although the judgment comprehensively addressed the parties' parental rights and responsibilities, the only issues presented to us here relate to the child support order.

[4] If a judgment or decision already contains findings of fact and conclusions of law on an issue, but a party seeks additional findings and conclusions on that issue, then the party's motion is governed by the separate provisions of Rule 52(b). *See Young v. Young*, 2015 ME 89, ¶ 10 n.3, 120 A.3d 106.

6

17 C.M.R. 10 144 351-15 to -33 (2014) (child support tables). Without the benefit of the court's underlying findings and conclusions, however, it is impossible to understand the reasons why the court determined Dumas's income to be $30,000, Milotte's to be $25,000, and the proper level of the weekly childcare expense to be $215. *See Dargie v. Dargie*, 2001 ME 127, ¶ 2, 778 A.2d 353.

[¶9] To determine Dumas's income, the court was presented with evidence that raised a question of whether she was voluntarily underemployed, *see* 19-A M.R.S. § 2001(5)(D) (2014) ("Gross income may include the difference between the amount a party is earning and that party's earning capacity when the party voluntarily becomes or remains unemployed or underemployed . . . ."); *Sheikh v. Haji*, 2011 ME 117, ¶ 16, 32 A.3d 1065;[5] whether the two bonuses she had received should be treated as part of her "regular gross income" used for child support purposes, *see* 19-A M.R.S. § 2001(5)(A); and whether—and if so, to what extent—the business-related expenses she declared in her tax returns, including an expense for capital depreciation, should be recognized in calculating that income, *see* § 2001(5)(C). To determine Milotte's income, the court was asked to consider evidence of a recent pay raise and Dumas's claim that he was underemployed, *see id.* § 2001(5)(D). To determine childcare expenses, the parties presented

---

[5] Dumas argues on appeal that she cannot be deemed to be underemployed because she is providing care for a child younger than three years old. *See* 19-A M.R.S. § 2001(5)(D) (2014). At the time the court issued the judgment, the child was two years old, but he turned three in July 2015.

conflicting positions on whether the child's best interest would be served by attending daycare five days per week, or a fewer number of days. The court's determination of this issue also interrelates with each party's cross-contention that the other is underemployed.

[¶10] The evidence therefore allowed the court several analytical paths on these issues. The judgment, however, does not explain the reasoning used by the court to determine the amount of the parties' incomes and the justification for the amount of the childcare expense that is factored into the child support computation. Accordingly, after Milotte filed a timely Rule 52(a) motion, the court was required to provide findings of fact and conclusions of law on these issues, and the court erred by denying the motion. We must therefore vacate that part of the judgment addressing child support and remand the matter for issuance of findings of fact and conclusions of law on the issues raised in Milotte's motion.

The entry is:

> Portion of the judgment relating to child support vacated. Remanded to the District Court for further proceedings consistent with this opinion. Judgment affirmed in all other respects.

8

**On the briefs:**

Gregory J. Orso, Esq., Orso Law, P.A., York, for appellant Ian Milotte

Ann E. Hastings, Esq., Ann E. Hastings Law Office, P.A., Kennebunk, for cross-appellant Carolyn H. Dumas

York District Court docket number FM-2014-215
FOR CLERK REFERENCE ONLY