MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:     2020 ME 15
Docket:       Kno-19-333
Submitted
  On Briefs:  January 23, 2020
Decided:      January 30, 2020

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

SARAH B. MCLEAN

v.

IAN R. ROBERTSON

PER CURIAM

[¶1]   Ian Robertson appeals from a judgment of the District Court (Rockland, *Mathews, J.*) determining his and Sarah McLean's parental rights and responsibilities as to their son.  *See* 19-A M.R.S. § 1653 (2018).  He contends that the court erred in (1) calculating McLean's gross income by failing to account for fringe benefits that McLean receives in the course of operating the business she owns; (2) imputing income to Robertson for a sixteen-day period during which he was incarcerated; and (3) ordering Robertson to pay McLean $6,000 toward her attorney fees.  We vacate the judgment in part and remand for further proceedings.

## I. CASE HISTORY

[¶2]  Robertson and McLean are the parents of a three-year-old child.  In July 2017, McLean filed a petition for determination of parental rights and responsibilities.  The proceedings were subject to delays because of Robertson's conduct, including conduct that resulted in his incarceration, and because of Robertson's frequent change of attorneys.  Robertson's attorney at the hearing on this matter was the fourth attorney to appear on his behalf.

[¶3]  The court ultimately held a contested hearing in June 2019.  As relevant to this appeal, the evidence at trial included McLean's testimony that she owns a company, P&P Services, Inc., and that her company makes her payments on her vehicle loan and pays for fuel for the vehicle, health insurance, and her cell phone, for a total personal benefit to her of $1,590 per month or $19,080 per year.  The court admitted as an exhibit McLean's answer to an interrogatory regarding her fringe benefits:

> **Interrogatory No. 6.** Describe any fringe benefits you presently receive from any business, employment, or other engaged in by you, such as, but not limited to, auto expenses, travel expenses, entertainment expenses, insurance, deferred compensation, stock options or plan, the receipt of personal property, pension, retirement, profit sharing plans, cafeteria plans and other (please specify), and include in said description the value of said benefit.

**Answer:**

> P&P Services, Inc.
> Car Payment: $850/month
> Gas: $200/month
> Health Insurance: $220/month[1]
> Cell Phone: $100/month

[¶4]  Robertson and McLean also submitted child support affidavits in which they reported their respective gross incomes.  Robertson's affidavit shows a gross income of $42,526 per year.  McLean's affidavit shows a gross income of $64,000 per year and indicates $0 in gross income from "employment fringe benefits."

[¶5]  In its judgment, the court awarded McLean primary physical residence of the parties' child.  The court set Robertson's continuing child support obligation at $107.45 per week.  In reaching this figure, the court found that McLean's gross income was $66,000 and that Robertson's gross income was $41,500.  The court did not explain how it made these calculations except to state that it relied on the parties' child support affidavits.

---

[1]  In her testimony, McLean clarified that her company was paying $220 per month for her insurance until she added her and Robertson's son to her plan, at which time her insurance costs rose to $440 per month.

4

[¶6]   The court did not indicate why it did not include McLean's fringe benefits in her gross income, despite the language of 19-A M.R.S. § 2001(5)(B) (2018), which states:

> Gross income includes expense reimbursements or in-kind payments received by a party in the course of employment or self-employment or operation of a business if the expense reimbursements or in-kind payments reduce personal living expenses.

The court also ordered Robertson to pay $6,000 of McLean's attorney fees based on his ability to pay and "his role in increasing litigation costs."

[¶7]   Following the court's judgment, Robertson filed a motion for further findings of fact and for reconsideration.  *See* M.R. Civ. P. 52(b), 59(e).  In his motion, Robertson requested that the court adjust his child support obligation based on a calculation of McLean's gross income that accounts for the fringe benefits she receives.  Specifically, Robertson requested that the court make the following findings of fact:

> 1.    Clear and convincing testimony was presented by Sarah McLean that she received fringe benefits from her company in the amounts of $850 per month for car; $200 per month for gas; $440 per month for insurance; $100 per month for cell phone, all equating to a yearly benefit of $19,080 in addition to what financial information was provided on her Child Support Affidavit.
>
> 2.    Finding same, the Child Support worksheet should be amended to show $85,080 for Sarah McLean . . . .

[¶8] The court summarily denied the motion, indicating that it had already made findings of fact on the issues raised in Robertson's motion. Robertson timely appealed. *See* 19-A M.R.S. § 104 (2018); M.R. App. P. 2B(c)-(d).

## II. LEGAL ANALYSIS

[¶9] Robertson raises three arguments on appeal. First, he contends that the court erred in calculating McLean's gross income by failing to account for her employment fringe benefits. Second, he argues that the court erred in calculating his own gross income by imputing income to him during his period of incarceration. Finally, Robertson asserts that the court abused its discretion in awarding McLean $6,000 in attorney fees. We consider these arguments in turn.

## A. McLean's Gross Income

[¶10] If a court finds that a party receives reimbursements or in-kind payments from his or her employer and that those reimbursements or payments "reduce personal living expenses," the court must include the value of those reimbursements or payments in calculating that party's gross income. 19-A M.R.S. § 2001(5)(B). We review the court's calculation of gross income for clear error. *See Ehret v. Ehret*, 2016 ME 43, ¶ 14, 135 A.3d 101.

6

[¶11] In *Ehret*, we summarized the effect that a motion for findings pursuant to M.R. Civ. P. 52 has on our standard of review:

> [a]fter the entry of a judgment, if an affected party timely moves for findings pursuant to M.R. Civ. P. 52, the trial court must ensure that the judgment is supported by express factual findings that are based on record evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision. In the absence of a motion for specific factual findings, we ordinarily assume that a trial court found all of the facts necessary to support its judgment. However, when a motion for findings has been [timely] filed and denied, we cannot infer findings from the evidence in the record. In these circumstances, if the judgment does not include specific findings that are sufficient to support the result, appellate review is impossible and the order denying findings must be vacated.

*Id.* ¶ 9 (alteration in original) (footnote omitted) (citations omitted). Because Robertson timely filed a motion for further findings on the specific issue of the court's apparent determination that McLean's receipt of "fringe" financial benefits from her employment should not be considered as gross income, the standard we articulated in *Ehret* applies.

[¶12] On the record before us, we are unable to engage in effective appellate review of the court's calculation of McLean's gross income. *See id.* ¶¶ 15-16 (vacating a child support judgment because the court did not explain the factual or legal basis of its gross income calculations and denied a motion for findings seeking clarification on that issue); *Dumas v. Milotte*, 2016 ME 3,

¶¶ 7-10, 130 A.3d 394 (similar); *cf. Williams v. St. Pierre*, 2006 ME 10, ¶¶ 9-10, 889 A.2d 1011 (vacating an award of child support because "[w]e [could not] assume that the court implicitly found facts sufficient to support its reliance on [an] outdated child support affidavit because the court entered no further findings in response to [a party's] post-judgment motion").

[¶13] The judgment contains no explanation of how the court determined McLean's gross income, except that the court relied on McLean's child support affidavit. However, the income listed on McLean's child support affidavit is apparently contradicted by her own testimony and answers to interrogatories, in which she acknowledged that she receives $19,080 per year in fringe benefits in addition to the income listed on her affidavit.

[¶14] Because the court denied Robertson's motion requesting that the court address the discrepancy, "[w]e cannot assume that the court implicitly found facts sufficient to support its income determination, and we cannot decide whether the court's findings were clearly erroneous." *Ehret*, 2016 ME 43, ¶ 16, 135 A.3d 101; *see Dumas*, 2016 ME 3, ¶ 10, 130 A.3d 394; *Williams*, 2006 ME 10, ¶ 10, 889 A.2d 1011. Accordingly, we vacate the portion of the judgment pertaining to child support and remand for the District Court to consider the apparently undisputed evidence about McLean's receipt of

fringe benefits; to justify or amend its calculation of McLean's gross income; and, if necessary, to amend Robertson's child support obligation.

B. Robertson's Gross Income

[¶15] Robertson next argues that the court erred by imputing income to him during his sixteen-day period of incarceration in November 2018.

[¶16] In relevant part, 19-A M.R.S. § 2001(5)(D) (2018) provides that "[a] party who is incarcerated in a correctional or penal institution is deemed available only for employment that is available through such institutions." This statute prohibits the court from *imputing* income to an individual while he is incarcerated. *See King v. King*, 2013 ME 56, ¶ 17, 66 A.3d 593. But the court did not *impute* any income to Robertson during his period of incarceration. Instead, the court calculated Robertson's gross income by relying on Robertson's child support affidavit, on which Robertson listed his actual annual income. In doing so, the court did not err.

[¶17] Section 2001(5)(D) does not require the court to adjust a party's *actual* yearly income merely because the party was incarcerated. Obviously, such an adjustment could occur if the incarcerated party presented evidence to show that his or her income had been affected by the incarceration. Here, however, the record demonstrates that Robertson did not present any evidence

to show that his short period of incarceration in 2018 affected his income for 2019 as indicated in his child support affidavit. Therefore, section 2001(5)(D) did not require the court to adjust Robertson's child support obligation.

C. Attorney Fees

[¶18] Lastly, Robertson argues that the court abused its discretion in awarding $6,000 in attorney fees to McLean.

[¶19] Because we conclude that the court must clarify or amend its findings as to McLean's gross income, we must also vacate the portion of the judgment pertaining to attorney fees. When awarding attorney fees in parental rights cases, the court must consider the parties' relative abilities to pay the costs of litigation. *Cf. Verite v. Verite*, 2016 ME 164, ¶ 17, 151 A.3d 1. On remand, if the court determines that McLean's gross income is more than the $66,000 it indicated in its judgment, then the court must consider whether this amended finding has any bearing on the parties' relative financial positions and whether a different award of attorney fees may be warranted.[2]

---

[2] We express no opinion as to whether the court's award of $6,000 in attorney fees was reasonable or whether the same award would be reasonable if, on remand, the court finds that McLean's income is higher than it had previously determined. The District Court must make this determination in the first instance.

The entry is:

> Judgment vacated in part.  Remanded for further
> proceedings as indicated in this opinion

---

Thaddeus V. Day, Esq., Law Offices of Thaddeus V. Day, PLLC, Cumberland Center, for appellant Ian R. Robertson

Eric B. Morse, Esq., Strout & Payson, P.A., Rockland, for appellee Sarah B. McLean

Rockland District Court docket number FM-2017-151
FOR CLERK REFERENCE ONLY