MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 37
Docket:        Wal-21-359
Submitted
  On Briefs:   May 25, 2022
Decided:       June 23, 2022

Panel:         JABAR, HORTON, CONNORS, and LAWRENCE JJ.*

MELANIE MAYBERRY

v.

CHARLES JANOSKY II

HORTON, J.

[¶1]  Charles Janosky II appeals from a judgment awarding parental rights and responsibilities entered in the District Court (Belfast, *Walker, J.*) as to his four children with Melanie Mayberry.  The judgment grants Mayberry sole parental rights and responsibilities and primary physical residence and denies Janosky rights of parent-child contact.

[¶2]  Contrary to Janosky's contentions, the court did not abuse its discretion in determining that it was in the children's best interests to grant Mayberry sole parental rights and responsibilities and to deny Janosky rights

---

*  Although Chief Justice Stanfill participated in the initial conference, she did not participate further in the development of this opinion.

2

of parent-child contact.[1]  *See Young v. Young*, 2015 ME 89, ¶ 5, 120 A.3d 106;

19-A M.R.S. § 1653(3) (2022).  As to Janosky's contention that the court should

not have allowed witnesses other than the mother to testify as to the mother's

out-of-court statements, *see* M.R. Evid. 801(d)(2), we conclude that any error

was harmless and will not disturb the judgment on that basis, *see* M.R. Civ. P. 61;

*In re Elijah R.*, 620 A.2d 282, 285 (Me. 1993).

[¶3]  However, the court's judgment failed to include a required

statement governing parental access to records relating to the children.

*See* 19-A M.R.S. § 1653(2)(D)(4).  Pursuant to 19-A M.R.S. § 1653(2)(D)(4), an

order awarding parental rights and responsibilities must include

> [a] statement that each parent must have access to records and
> information pertaining to a minor child, including, but not limited
> to, medical, dental and school records and other information on
> school activities, whether or not the child resides with the parent,
> unless that access is found not to be in the best interest of the child
> or that access is found to be sought for the purpose of causing
> detriment to the other parent.  If that access is not ordered, the
> court shall state in the order its reasons for denying that access.

---

[1]  The court's judgment thoroughly addressed the extensive history of domestic violence in this case but did not refer to section 19-A M.R.S. § 1653(6) (2022), which controls the award of parental rights and responsibilities in cases involving domestic abuse.  It is generally good practice for a judgment allocating parental rights and responsibilities to reflect the court's consideration of section 1653(6), but the court's judgment is not inconsistent with that section's requirements.

We therefore remand this matter for the court to amend the order to satisfy section 1653(2)(D)(4). *See Rearick v. Kohout*, 2015 ME 159, ¶ 3, 129 A.3d 291.

We affirm the judgment in all other respects.

The entry is:

> Judgment affirmed. Remanded to the District Court to amend the judgment in conformity with 19-A M.R.S. § 1653(2)(D)(4) (2022).

---

Stephen C. Smith, Esq., and John E. Baldacci, Jr., Esq., Steve Smith Trial Lawyers, Augusta, for Charles Janosky II

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Bangor, for appellee Department of Health of Human Services

Maxwell G. Coolidge, Esq., Ellsworth, for appellee Melanie Mayberry

Belfast District Court docket number FM-2021-194
FOR CLERK REFERENCE ONLY